IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROXANNE PENNINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-624-JPG |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court for docket control.  On August 30, 2005, the Plaintiff, Roxanne Pennington, filed a complaint seeking judicial review of the Defendant's decision denying social security benefits.  On the September 1, 2005, the Plaintiff was granted leave to proceed *in forma pauperis* and summons was issued and mailed to Plaintiff's counsel.

Federal Rule of Civil Procedure 4(m) provides:

> If service of the summons and complaint is not made upon a defendant with 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . . .

As the complaint was filed on August 30, 2005, the Plaintiff should have effected service by December 28, 2005.  The record does not reflect that service has been made or that the Defendant has entered an appearance.  As such, the Plaintiff is instructed to file with the Clerk of Court proof of service, that is a return of service indicating when and to whom summons was served, by **April 21, 2006.**  If the Plaintiff has not effected service, she must do so by **April 21, 2006**.

The Plaintiff is **WARNED** that the failure to effect service or file proof of service **SHALL** result in a recommendation that this case be dismissed, without prejudice, for want of service.

**DATED: April 3, 2006**

> **s/ Donald G. Wilkerson**
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**