IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROXANNE PENNINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:05-cv-624-JPG |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge J. Phil Gilbert pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Motion for Default Judgment filed by the Plaintiff, Roxanne Pennington, on April 5, 2006 (Doc. 7). For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On August 30, 2005, Plaintiff filed a two-page complaint alleging that she was improperly denied disability benefits (Doc. 1). The complaint contains only the bare allegations and seeks either the reversal of the Commissioner's decision or a remand of the matter for further proceedings. On September 1, 2005, Plaintiff was granted *in forma pauperis* status and summons was issued for the Commissioner of Social Security, JoAnne B. Barnhart (Doc. 4). No return of service was filed and Defendant did not file an answer or other responsive pleading.

On April 4, 2006, this Court issued an order directing Plaintiff to file proof of service. On April 5, 2006, Plaintiff filed proof of service which consisted of three certified mail return receipts (Doc. 6). It appears that Plaintiff served a copy of the complaint on the Assistant United

States Attorney in Fairview Heights, IL (the receipt is signed by Ryan Neiemeyer on September 12, 2005), the Attorney General in Washington D.C. (the receipt contains a stamped date that is unreadable), and JoAnne B. Barnhart in Baltimore, MD (the receipt is stamped "Social Security Administration Baltimore, Maryland 21235" and dated September 13, 2005).

On April 5, 2006, the same day Plaintiff filed proof of service, Plaintiff also filed a motion for default judgment. In that motion, plaintiff asserts that service was properly made and that the defendant has failed to timely respond.

In a response, filed on May 3, 2006, however, the government asserts that judgment should not be entered because there is insufficient service of process and because this Court lacks personal jurisdiction over Defendant due to insufficient service. Specifically, Defendant states that while summons was served, a copy of the complaint was not served or received. Additionally, Defendant, in its response brief, encourages the Court to dismiss Plaintiff's complaint for lack of prosecution.

In reply, Plaintiff states that a copy of the complaint was indeed sent along with the summons by registered mail to Defendant. Plaintiff states that she returned copies of the documents mailed and that the copies include the complaint. Finally, Plaintiff argues that Defendant nonetheless should have responded to the complaint because it was alerted to the filing of the lawsuit and could easily have accessed the complaint via PACER.

## CONCLUSIONS OF LAW

Plaintiff's motion and memorandum in support seek both "judgment upon the pleadings of the record" and a default judgment. Federal Rule of Civil Procedure 12(c) allows for judgment on the pleadings after the "pleadings are closed." Rule 12(c) motions are governed by

the same standard as a motion filed pursuant to Rule 12(b)(6), the failure to state a claim upon which relief can be granted.  Guise v. BWM Mortgage, LLC, 377 F.3d 795, 798 (7th Cir. 2004); Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).  Rule 12(c) motions are generally filed by a defendant and are filed after an answer has been filed.  See Northern Indiana, 163 F.3d at 452 n. 3; See also Brunt v. Service Employees International Union, 284 F.3d 715, 718-719 (7th Cir. 2002) ("A court will grant a Rule 12(c) motion only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved.").  Indeed, this Court has found no case where the *plaintiff* has moved for judgment on the pleadings when there is no answer or counterclaim.  In any event, the Plaintiff has not shown that there are no material facts in dispute.  Therefore, the Court recommends that this motion be construed as one for default judgment.[1]

Federal Rule of Civil Procedure 55(a) first provides for the entry of default by the clerk.  Judgment then follows, pursuant to Rule 55(b), and can be entered by the Clerk if there is a sum certain to be awarded, or by the Court in all other cases.  An entry of default is a prerequisite to the entry of a default judgment. See 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 1998).  As there has been no entry of default, there can be no default judgment.  Therefore, to the extent that Plaintiff seeks default judgment, it is recommended that the motion be denied for this reason alone.

However, the problem still remains as to how this case should proceed.  The only

---

[1] The memorandum in support of the motion for judgment further seeks an "order of default judgment" and makes arguments that are more cognizable under Rule 55 than Rule 12.

evidence on record reveals that the plaintiff mailed something that was received by the defendant.[2]  The Court also assumes that, as officers of the Court, each of the attorneys in this matter are asserting the truth: that the plaintiff mailed a copy of the complaint along with the summons and, inexplicably, that the government did not receive the complaint along with the summons.  Therefore, it is **RECOMMENDED** that good cause has been shown such that Plaintiff must be permitted to serve a copy of the summons and complaint on Defendant as if it were served within the applicable period of service.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE** and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 20, 2007**

                                             s/ *Donald G. Wilkerson*
                                             **DONALD G. WILKERSON**
                                             **United States Magistrate Judge**

---

[2] Or, more precisely, received by the Attorney General, the United States Attorney for the Southern District of Illinois, and the Social Security Administration.