UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROXANNE PENNINGTON,<br><br>      Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>      Defendant. | Case No. 05-cv-624-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion for reconsideration filed by plaintiff Roxanne Pennington (Doc. 15) filed on July 30, 2007.  Earlier in this case, the Court allowed Pennington to proceed *in forma pauperis* and directed her to provide the United States Marshal Service ("USMS") with the appropriate papers if she wanted to rely on it for service of process, as she is entitled to do under Federal Rule of Civil Procedure 4(c)(2).  After consultation with the local USMS office, the Court found that Pennington had failed to accomplish service herself and had failed to provide the appropriate papers to the USMS for service and, accordingly, dismissed this case for failure to accomplish timely service.  Pennington now asks the Court to reconsider the judgment of dismissal entered on July 13, 2007, because she did, in fact, provide the USMS with the proper papers and it failed to serve them in a timely manner.

As a preliminary matter, the Court received a letter from Pennington's counsel on July 19, 2007, which is, in substance, the same at the July 30 motion. The Court **DIRECTS** the Clerk of Court to docket the letter as a motion for reconsideration filed on July 19, 2007.  The Court will construe Pennington's July 30 motion as a supplement to the July 19 motion.  Because the July 19 filing date is within ten days of the entry of judgment, the Court will construe the motion

to be pursuant to Federal Rule of Civil Procedure 59(e).  Where a substantive motion for reconsideration is filed within ten days of entry of judgment, the Court will generally construe it as a motion pursuant to Rule 59(e);  later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994);  *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006);  *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999).

It appears that the Court may have made a manifest error of fact in its prior decision to dismiss this case.  The Court hereby **ORDERS** a hearing on the motion to reconsider to be held on August 23, 2007, at 1:30 p.m. in Benton, Illinois.  The Court further **ORDERS** a knowledgeable person from the USMS office to be present at the hearing.  The Court **DIRECTS** the Clerk of Court to send a copy of this order to the USMS along with Pennington's pending motion (Docs. 15 & 17).

**IT IS SO ORDERED.**
**DATED:  August 8, 2007**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**